STATE

v.

Michael A. TAYLOR.

No. 83-478-C.A.

Supreme Court of Rhode Island.

March 27, 1984.

Dennis J. Roberts, II, Atty. Gen., Brian Van Couyghen, Providence, for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., Providence, for defendant.

Before BEVILACQUA, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

OPINION

PER CURIAM.

This case came before the court on March 6, 1984, pursuant to an order directed to the state to show cause why (1) this case should not be remanded to the Superior Court with directions to resentence the defendant in accordance with our decision in *State v. Studman*, R.I., 468 A.2d 918 (1983), and (2) the trial justice's addition of a five-year period of probation after both suspended sentences had been executed should not be vacated as beyond the Superior Court's statutory jurisdiction. After careful consideration of the record and memoranda submitted by both parties and after hearing the arguments of counsel, we are of the opinion that cause has not been shown.

On February 12, 1979, defendant, Michael Taylor, was sentenced for breaking into and entering a building with intent to commit larceny in violation of G.L.1956 (1981 Reenactment) § 11-8-3. The trial justice imposed a three-year suspended sentence with three years' probation for that offense. On May 8, 1981, defendant was sentenced under a separate larceny indictment by a different trial justice to serve a three-year suspended sentence with a five-year probationary period. On March 4, 1983, after defendant was declared a violator of his first suspended sentence, a third trial justice both ordered him to serve these sentences consecutively and imposed an additional five-year period of probation to commence upon his release.

The first issue raised by defendant challenges the propriety of the third trial justice's order to make the suspended sentences consecutive. In *Studman*, we held that when two or more sentences are imposed upon a defendant and no provision is made that they be served consecutively, a presumption arises that they were imposed

to be served concurrently. *State v. Studman,* 468 A.2d at 919–20. We further stated in *Studman* that once the sentencing justice exercises his choice of imposing consecutive or concurrent sentences, that choice "is thereafter binding upon the justice who later revokes the suspension." *Id.* at 920. In the present case, the original sentencing justice did not state that defendant's terms were to be served consecutively. Consequently, the revoking justice's decision to make defendant's sentences consecutive following his being adjudicated a violator was error.

■ The second issue raised by defendant contests the imposition of a five-year probationary period following defendant's term of imprisonment. General Laws 1956 (1981 Reenactment) § 12–19–9, as amended by P.L.1982, ch. 215, § 1, provides in pertinent part that a trial justice, when reviewing the sentence of a defendant who has violated his probation, "may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed * * *." This statute does not allow for the imposition of an additional probationary period after the execution of a suspended sentence by the revoking justice. The action of the third trial justice in this case, however, followed just such a course. In so doing, he plainly exceeded his statutory jurisdiction as explicitly defined in § 12–19–9.

For the reasons stated, the defendant's appeal is sustained, and the papers in this case are remanded to the Superior Court for further proceedings consistent with this opinion.