**STATE**

**v.**

**David HEATH.**

**No. 94–454–C.A.**

Supreme Court of Rhode Island.

June 2, 1995.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Paula Lynch Hardiman, Paula Rosin, Asst. Public Defenders, for defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court for oral argument on May 19, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised by the defendant's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this matter should be summarily decided.

The defendant, David Heath, appeals from a trial justice's granting of the state's request to correct his sentence. On September 19, 1990, defendant pled nolo contendere to a charge of breaking and entering in K2/90–594. He received a five-year sentence with six months to serve and the remaining four and one-half years suspended with probation. On May 16, 1991, defendant was adjudged a violator of that sentence and was ordered to serve six months with four years suspended with probation. On December 15, 1992, defendant admitted to violating the terms of his probation and was continued on the same four-year suspended sentence with probation. On April 27, 1993, defendant was again adjudged a violator of the terms of his sentence in K2/90–594 and was ordered to serve six-months. However, the trial justice did not mention the remaining three and one-half years of the suspended sentence. On June 3, 1994, defendant was again presented as a violator of his probation. At that hearing defendant argued that he was no longer on a suspended sentence, having served the six-month sentence imposed on April 27, 1993. The state argued that the omission of the three-and-one-half-year suspended sentence was a clerical error or an oversight. The trial justice agreed and granted the state's request to correct the sentence. The defendant filed this appeal.

The defendant contends that the trial justice erroneously extended the probationary period and that the trial justice lacked jurisdiction to correct the sentence originally imposed for the violation, hence violating the principles of double jeopardy by increasing his sentence.

We have stated that "the intention of the justice who originally imposed the suspended sentences is controlling and that the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination." *State v. Studman*, 468 A.2d 918, 920 (R.I.1983). We note that this court stated in *State v. Taylor*, 473 A.2d 290, 291 (R.I.1984), that G.L.1956 (1981 Reenactment) § 12–19–9 as amended by P.L.

1982, ch. 215, § 1 "does not allow for the imposition of an additional probationary period after the execution of a suspended sentence by the revoking justice."

Applying the foregoing principles to the instant case, this court concludes that the trial justice at the violation hearing did not possess the statutory power to amend or decrease the sentence as originally imposed and was bound by the terms of that sentence. We are therefore persuaded that the trial justice did not err by imposing the remainder of the original sentence.

For the foregoing reasons, the defendant's appeal is denied and dismissed.

BOURCIER, J., did not participate.