STATE

v.

Kenneth S. RICE.

No. 96–456–C.A.

Supreme Court of Rhode Island.

March 24, 1999.

Aaron L. Weisman, Providence, for Plaintiff.

John A. McFayden, III, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

BOURCIER, Justice.

This is an appeal from a judgment of conviction entered by a Superior Court justice, pursuant to which the defendant was adjudged to be a violator of previously imposed suspended sentences with probation and was sentenced to three concurrent terms of twelve years at the Adult Correctional Institutions (ACI). The defendant challenges the validity of that adjudication.

I

Facts/Case Travel

On June 27, 1988, Kenneth S. Rice (defendant) was charged in a Washington County Criminal Information, W2/88–261A, with three counts of second-degree child sexual molestation. On March 13, 1989 he appeared before a justice of the Superior Court, entered pleas of nolo contendere to each of the three counts and was sentenced. He was sentenced to concurrent terms of fifteen years on each count and required to serve one year of each sentence. The remaining

fourteen years of each sentence were suspended and he was placed on probation for fourteen years. Those concurrent sentences were ordered to be served consecutive to three other prison sentences that the defendant was then already serving based upon earlier and separate convictions.

On January 24, 1990, the defendant was paroled on the three earlier sentences that he was serving when sentenced on W2/88–261A. By good fortune or blatant error, he also was paroled on W2/88–261A as well.[1] Between January 24, 1990 and April 3, 1994, the defendant, because of alcohol coupled with criminal inclination, was a frequent resident at the ACI and the recipient of at least two additional paroles.[2] On April 3, 1994, good fortune, however, appears to have abandoned him. On that day, he was charged and arraigned on a domestic assault complaint. Three days later, on April 6, 1994, the Attorney General commenced probation violation proceedings on his W2/88–261A sentence pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.

On April 13, 1994, he admitted to sufficient evidence for his being declared a violator of the probation imposed as part of his sentence on W2/88–261A. Accordingly, the sentencing justice vacated the fourteen year suspended portion of that sentence and ordered the defendant to serve two of those fourteen years at the ACI. She then suspended the balance of twelve years and placed the defendant on probation for a period of twelve years to "begin upon his release." Subsequently, he was remanded to the ACI.

While confined at the ACI, pursuant to the April 13, 1994 sentence imposed on W2/88–261A, a Washington County grand jury returned an indictment against the defendant (W1/96–257A) charging him with three counts of first-degree child sexual molestation, one count of second-degree child sexual molestation, and two counts of soliciting a minor to join in the commission of second-degree child molestation. The Attorney General additionally proceeded against the defendant as a violator of the probation imposed on W2/88–261A.

The defendant moved to dismiss the state's Rule 32(f) probation violation proceeding. As the basis for his motion, he asserted that the three first-degree child sexual molestation crimes charged in the W1–96–257A indictment were all alleged to have been committed between April 1, 1992, and August 31, 1993, during which time he was not on probation. In support of that assertion, the defendant contended that the sentencing justice, on April 13, 1994, had revoked both his fourteen-year suspended sentence and the probation originally imposed on March 13, 1989; instead, she had resentenced him to serve two years of that sentence with the probation on the remaining twelve years only to commence upon his release from the ACI after service of that two year prison sentence. On June 4, 1996, a sentencing justice in the Superior Court to whom the state's Rule 32(f) probation violation matter and the defendant's motion to dismiss had been assigned, denied the motion to dismiss. The sentencing justice subsequently heard and granted the state's Rule 32(f) motion, vacated the defendant's earlier twelve year suspension of sentences on W2/88–261A, and ordered him to serve those concurrent twelve year terms. This appeal is from that final judgment.[3]

## II

## Analysis

The defendant's appeal in this case is premised upon his contention that when he was violated on April 13, 1994, on the W2/88–261A sentence, the sentencing justice at that time vacated what then remained of the

---

**1.** Defendant's parole on W2/88–261A was most unusual. His one year to serve sentence on that indictment was ordered to commence only after the completion of the three unrelated sentences that he was serving when sentenced on W2/88–261A. Thus, when paroled on all *four* cases, the defendant had never actually served any part of the imprisonment term required on W2/88–261A.

**2.** December 3, 1991 and April 30, 1992.

**3.** During the pendency of the instant appeal, the defendant was found guilty after a jury trial on W1/96–257A, was convicted on all counts and was sentenced to life imprisonment plus twenty-five years.

unexecuted portion of his earlier March 13, 1989 sentence, namely, its fourteen year suspended sentence and probation portions, and imposed an entirely new sentence that was to commence at that time. In that alleged new sentence, he claims that the sentencing justice imposed a new fourteen-year sentence; ordered him to serve two years, suspended the remaining twelve years thereof, and placed him on probation for twelve years. That new twelve year period of probation, he claims, was to commence only upon his release, presumably in April, 1996, following service of his two-year prison term at the ACI. Thus, the defendant believes and claims that on April 13, 1994, the sentencing justice vacated and wiped out his earlier March 13, 1989 sentence and imposed an entirely new sentence that commenced on April 13, 1994.

The defendant then reasons that between the vacating and abating of his 1989 sentence on W2/88–261A and the implementation of his new sentence in 1994, a four-year gap in his probationary status had thereby been created. Consequently, he claims that the first and second degree child sexual molestation charges alleged against him in W1/96–257A occurred at a time when he was not in any probationary status. Therefore, he asserts, his motion to dismiss the state's Rule 32(f) probation violation proceeding in 1994 should have been granted and the trial justice erred in failing to do so.

The defendant misconstrues entirely what the trial justice said and did in the course of sentencing him as a probation violator on April 13, 1994. The basic fallacy that emerges from the defendant's reasoning is that the sentencing justice, on that day, did not impose a *new* sentence which vacated and wiped away his March 13, 1989 sentence. She lacked any authority to do so.

General Laws 1956 § 12–19–9 states in pertinent part that when reviewing the sentence of a defendant who has violated his probation, a trial justice "may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed * * *." "A trial justice has no authority under G.L.1956 § 12–19–9 to extend a violator's probationary period after he or she is ordered to serve the sentence previously imposed." *State v. Chabot*, 682 A.2d 1377, 1379 (R.I.1996) (per curiam). *See also State v. Heath*, 659 A.2d 116, 117 (R.I.1995) (per curiam); *State v. Taylor*, 473 A.2d 290, 291 (R.I.1984) (per curiam); *State v. Soprano*, 633 A.2d 1357, 1357 (R.I.1993) (order). This is so because the "intention of the justice who originally imposed the suspended sentence[ ] is controlling and [because] the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination." *Heath*, 659 A.2d at 116 (quoting *State v. Studman*, 468 A.2d 918, 920 (R.I.1983)). "[T]he trial justice at [a] violation hearing [does] not possess the statutory power to amend or decrease the sentence as originally imposed and [is] bound by the terms of that sentence." *Heath*, 659 A.2d at 117. Indeed, the state's prosecutor and the defendant could not have even agreed to extend the defendant's probation period beyond that which was originally imposed by the March 13, 1989 sentencing justice. *See State v. Traudt*, 679 A.2d 330, 331 (R.I.1996).

It appears that the defendant, on appeal, seems to acknowledge the absence of any authority on the part of the 1994 sentencing justice to extend the period of probation set in his original 1989 sentence. In hopes of hurdling that obstacle, he ingeniously attempts to sidestep and avoid our clear holdings in *Chabot, Heath, Taylor,* and *Soprano* by building upon what was casually mentioned during argument at the hearing on his motion to dismiss in the Superior Court. He expands now upon a theory of estoppel against the state, based upon an alleged agreement between himself and the state's prosecutor concerning the period of probation to be imposed by the sentencing justice following his admission of a probation violation at his April 13, 1994 violation hearing. He asserts that the sentencing justice was bound to honor that agreement and the state should be estopped from reneging upon it. The state vehemently denies any such agreement. Further, the record of the sentence

**1232**

proceeding is absolutely barren of any indication of such an agreement. The record before us of the dialogue between the sentencing justice and the defendant at the time of sentencing on April 13, 1994 belies his rather ingenious but unimpressive maneuver. It reveals as follows:

"THE COURT: If I find you to be a violator, I can, and I very well, will sentence you up to 14 years. Do you understand that?

"MR. RICE: Yes, your Honor.

"THE COURT: By admitting violation, you're giving up that right. Do you understand that?

"MR RICE: Yes, your Honor.

"THE COURT: What has the State agreed to recommend?

"MR. GENDRON: Two years to serve on the violation, your Honor.

"THE COURT: You understand that?

"MR. RICE: Yes, your Honor.

"THE COURT: Two years to serve on W/2–88–261A. I'm going to sentence you to 14 years on that case. I'm ordering you to serve 2, and I'm going to suspend the other 12. Do you understand that?

"MR. RICE: Yes, your Honor.

"THE COURT: Do you have any questions about it?

"MR. RICE: No.

* * *

"THE COURT: The defendant having admitted violation, is declared to be a violator of the terms and conditions of his probation. On K/2–90–274, he's continued on the same suspended sentence and probation. On W/2–88–261, on Counts 1, 2 and 3, you're sentenced to 14 years at the Adult Correctional Institution, 2 years to serve, 12 years suspended, and 12 years probation, to begin upon release."

■ We are unable to discern anything from that record to support the defendant's contention that, in return for his admission of a probation violation, he had struck some sort of an agreement with the state's prosecutor regarding the period of probation that

was to be imposed after sentence or the effect that this sentence would have on the probationary period already served. All that can be gleaned from the record is that the state had agreed only to recommend to the sentencing justice a two-year term of incarceration.

■ An agreement in order to have any semblance of validity must at least objectively manifest the mutual assent of the parties to be bound by a contractual relationship. *Superior Boiler Works, Inc. v. R.J. Sanders, Inc.*, 711 A.2d 628, 633 (R.I.1998) *See* Restatement (Second) *Contracts* §§ 18–19 (1981). Here, there was none shown. There is nothing in the record to suggest that the sentencing justice at the April 13, 1994 probation violation hearing ever agreed or intended to declare null and void any part of the defendant's existing probationary status. The learned and experienced sentencing justice was certainly aware of the limits of her authority and she conscientiously apprised the defendant of his rights and the consequences of his admission.[4] The defendant's admission of a probation violation in 1994 was forthcoming because the defendant was obviously aware of the strength of the state's proof of his probation violation, and he willingly and eagerly admitted to being a probation violator in order to avoid the probability of his being required to serve all fourteen years of the previously imposed March 13, 1989 suspended sentences in W2/88–261A.

The defendant's appeal is denied. The judgment of conviction entered on June 4, 1996, following the defendant's admission of probation violation is affirmed and the papers in this case are remanded to the Superior Court.

Justice GOLDBERG did not participate.

4. Even if there was an inadvertent extension of the defendant's probation, this would not affect

our conclusion as we simply would vacate the illegal portion of the sentence.