**STATE**

v.

**David HEATH.**

**No. 99–130–C.A.**

Supreme Court of Rhode Island.

Jan. 7, 2000.

Aaron L. Weisman, Providence, for Plaintiff.

David Heath, Pro Se.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

**O P I N I O N**

PER CURIAM.

This case came before the Court for oral argument on December 8, 1999, pursuant to an order that directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. The defendant, David Heath (defendant), appeals from a trial

justice's denial of his request to correct his sentence. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

The defendant has been presented as and adjudged a violator on four different occasions since he entered a plea of nolo contendere to a charge of breaking and entering on September 19, 1990. Pursuant to that plea, defendant received a five year sentence with six months to serve and the remaining four-and-one-half years suspended with probation.

The issues that have been raised by this appeal are similar to those that were raised in a previous appeal brought by defendant. *See State v. Heath,* 659 A.2d 116 (R.I.1995) (*Heath I*). In *Heath I,* defendant challenged a sentence that was imposed on June 3, 1994, the hearing date of his most recent violation, arguing that the trial justice erroneously extended his probationary period. At a previous hearing for another violation, defendant, upon being adjudged a violator, had been ordered to serve six months of his remaining four year sentence. The defendant argued that because the trial justice did not mention the remaining three-and-one-half years of the sentence, they were no longer part of the sentence. The state argued that the omission of the three-and-one-half year suspended sentence was a clerical error or an oversight. A trial justice of the Superior Court agreed with the state, and granted the state's request to correct the sentence. The defendant appealed, and this Court denied the appeal. *See Heath I,* 659 A.2d at 117. This Court held that, since the trial justice at the April 27, 1993 hearing did not possess the statutory power pursuant to G.L.1956 § 12–19–9[1] to decrease the sentence as originally imposed, the trial justice at the June 3, 1994 hearing did not err by imposing the remainder of the original sentence. The defendant now challenges the sentence that was originally imposed on May 16, 1991, the first time he was adjudged a violator.

Although the issues raised in *Heath I* are similar to those that have been raised in the instant appeal, our decision in *Heath I* does not preclude a substantive review of the merits of defendant's instant appeal. On May 16, 1991, defendant was adjudged a violator and was ordered to serve six months with four years suspended with probation. The defendant argues that the May 1991 sentence was not authorized under § 12–19–9. Specifically, defendant argues that the court is not authorized to order a violator to serve a fraction of his sentence while also continuing him on the remaining portion of his previously suspended sentence.

 It is well settled that "[a] trial justice has no authority under G.L.1956 § 12–19–9 to extend a violator's probationary period after he or she is ordered to serve the sentence previously imposed." *State v. Rice,* 727 A.2d 1229, 1231 (R.I. 1999) (quoting *State v. Chabot,* 682 A.2d 1377, 1379 (R.I.1996) (per curiam)). *See also Heath I,* 659 A.2d at 116–17; *State v. Soprano,* 633 A.2d 1357, 1357 (R.I.1993) (order); *State v. Taylor,* 473 A.2d 290, 291 (R.I.1984) (per curiam). "[T]he justice who finds a violation of the probationary status and executes the sentence is bound by the initial determination" of the justice who originally imposed the sentence. *Heath I,* 659 A.2d at 116 (quoting *State v. Studman,* 468 A.2d 918, 920 (R.I.1983)). Accordingly, if a defendant is originally given a ten year suspended sentence, and

---

1. General Laws 1956 § 12–19–9 provides in pertinent part:

 "Upon a determination that the defendant has violated the terms and conditions of his or her probation the court * * * may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper."

the defendant is then adjudged a violator with eight years remaining on that sentence, the trial justice can work only within the confines of the remaining eight years of that sentence. The trial justice cannot increase or decrease that period of time. Pursuant to the mandates of § 12–19–9, the trial justice may order the defendant to serve the entire portion of an originally suspended sentence, or a lesser portion of that sentence, but he or she may not reduce the sentence. Therefore, if a trial justice were to choose to order the defendant to serve a lesser portion of the sentence, as the trial justice did in the instant case, the remaining portion of the sentence would necessarily remain suspended.

There is no merit to defendant's argument that the trial justice acted improperly on May 16, 1991. At the time of that violation, the defendant had four-and-one-half years remaining in his original five year sentence. After he was adjudged a violator, he was ordered to serve six months of the remaining sentence, and the remaining four years were suspended with probation. This action was entirely within the authority of the court.

For the foregoing reasons, the defendant's appeal is denied and the judgment of the Superior Court is affirmed.