### STATE

v.

### Christopher G. TUCKER.

### No. 99–156–C.A.

Supreme Court of Rhode Island.

March 10, 2000.

Aaron L. Weisman, Providence, for plaintiff.

Joseph F. Hook, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendant, Christopher G. Tucker (Tucker), appeals from the denial of his motion to correct an allegedly illegal sentence. The issue raised on appeal is whether the Superior Court exceeded its authority under G.L.1956 § 12–19–9 when, after adjudging Tucker to be a probation violator, it removed the suspension from a portion of his original sentence and committed him to prison to serve only that portion, while continuing to suspend the rest of his previously imposed sentence. After a prebriefing conference, we assigned this case to the motion calendar and ordered both parties to show cause why we should not resolve this appeal summarily. Because no cause has been shown, we proceed to do so.

On June 3, 1996, Tucker pled nolo contendere to obtaining unlawfully more than $500 under false pretenses. He was sentenced to six years, suspended, with six years of probation. On April 8, 1998, the Superior Court adjudged Tucker to have violated his probation and ordered him to

serve eighteen months of his prior suspended sentence, with fifty-four months suspended and fifty-four months of probation. After he had served the eighteen months, Tucker filed a motion pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure to correct his sentence. He also filed a "Motion for Entry of Judgement by Default (Rule 55)." In February 1999, the Superior Court denied both motions. *Accord State v. Ducharme*, 601 A.2d 937, 946 (R.I.1991) (stating that "the appropriate procedure for challenging an improper or illegal sentence is to seek a revision of that sentence initially in the Superior Court pursuant to Rule 35"). A transcript of that proceeding has not been provided to us with the record on this appeal.

Tucker appeals only from the Superior Court's denial of his Rule 35 motion. He argues that, after he violated the terms of his probation, the court did not have the authority to commit him to serve a sentence of imprisonment for eighteen months *and* continue the rest of his original suspended sentence. He contends that such a disposition was illegal under the pertinent language of § 12–19–9.[1] Tucker interprets this statute to mean that a violation-hearing justice can only revoke the original suspended sentence in its entirety and order defendant to serve the sentence in prison, or it can continue the remainder of the suspended sentence. He further asserts that because any revocation of a suspended sentence following a probation violation relates back to the sentence for the underlying offense, reinstatement of his suspended sentence following a prison term violates the constitutional prohibitions against placing him in double jeopardy.

Because Tucker in this case failed to file and serve his Rule 35 motion within 120 days after the probation-violation justice revoked a portion of defendant's prior-suspended sentence, the Superior Court lacked authority to correct a sentence "imposed in an illegal manner" or to "reduce any sentence" pursuant to the court's discretionary powers to relieve a defendant from an overly harsh sentence. Super. R.Crim. P. 35. *See State v. Letourneau*, 446 A.2d 746, 748 (R.I.1982) (noting the "unanimity of thought" among legal authorities that Rule 35's 120–day time limit is "jurisdictional and may not be enlarged"). But Rule 35's 120–day time limit has no bearing on the court's ability to correct an illegal sentence. On the contrary, it may do so under Rule 35 "at any time." Here, Tucker's position is that the violation-hearing justice imposed an illegal sentence upon him when he ordered him to serve eighteen months of his prior-suspended sentence and continued the suspension for the remaining fifty-four months of his original sentence. Thus, the expiration of Rule 35's 120–day time limit did not preclude the court from addressing the merits of Tucker's argument.

We hold in this case that the violation-hearing justice acted well within his authority when he ordered a continuation of Tucker's remaining suspended sentence after he adjudged Tucker to be a probation violator and ordered him to serve a portion of his original suspended sentence in prison. The General Assembly set forth various disposition options from which a violation-hearing justice can choose after finding that a defendant has violated his or her condition(s) of probation. Through the use of the language "may" and "as to the court may seem just and proper," the General Assembly intend-

---

1. General Laws 1956 § 12–19–9 provides in pertinent part as follows:

   "Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendant, *may* remove the suspension and order the defendant committed on the sentence previously imposed, *or on a lesser sentence,* or impose a sentence if one has not been previously imposed, or *may* continue the suspension of a sentence previously imposed, *as to the court may seem just and proper."* (Emphases added.)

ed that a violation-hearing justice would have considerable discretion in selecting which of the options in § 12–19–9 he or she would apply to a probation violator and in deciding how those options would be applied. Thus, even though a violation-hearing justice cannot impose "an additional probationary period after the execution of a suspended sentence," *State v. Taylor*, 473 A.2d 290, 291 (R.I.1984) (per curiam), § 12–19–9 grants violation-hearing justices wide latitude in deciding whether a probation violator's suspended sentence should be removed in whole, in part, or not at all.

The second option under the statute supports this interpretation: that is, "the court * * * may remove the suspension and order the defendant committed * * * on a *lesser* sentence." Section 12–19–9. (Emphasis added.) In the present case, for example, the probation-violation disposition the court applied to Tucker—eighteen months incarceration, with the balance of fifty-four months suspended with probation—was certainly a "lesser sentence" than a sentence of incarceration on the "sentence previously imposed" (a six-year period of incarceration). *Id.* This Court has stated previously that "[t]he reduction contemplated by Rule 35 is a shortening of the period of *imprisonment.*" *State v. O'Rourke*, 463 A.2d 1328, 1331 (R.I.1983). (Emphasis added.)

■ Included among the violation-hearing justice's disposition options, therefore, is the ability to determine what portion of a previously imposed suspended sentence should be served in prison and what residual portion should remain suspended. In the present case, the violation-hearing justice did not add an additional probationary period to Tucker's sentence. To do so would have constituted the imposition of an illegal sentence to the extent of the overage. *See Taylor*, 473 A.2d at 291. Rather, he simply revoked a portion of the suspension period that had been imposed as part of the original sentence and continued the remaining portion of the suspend-

ed sentence, which § 12–19–9 authorized him to do.

We note further that in *State v. Heath*, 659 A.2d 116, 116 (R.I.1995) (per curiam), the defendant originally had received a five-year sentence, with six months to serve and the balance of four and one-half years suspended with probation. The defendant was thereafter adjudged a violator of that sentence and was ordered to serve six months, with four years suspended with probation. *See id.* Subsequently the defendant was again adjudged a violator and was ordered to serve another six months, but the second violation-hearing justice failed to mention what was to become of the remaining three and one-half years of his suspended sentence. *See id.* After the defendant, for a third time, was adjudged a probation violator, he argued that the third violation-hearing justice should not have corrected the clerical error or oversight committed by the second violation-hearing justice concerning the remaining three and one-half-year portion of his suspended sentence. Although he claimed that this third justice had exceeded the authority that the General Assembly granted to the court under § 12–19–9, *see* id. at 117, we held that the third violation-hearing justice did not exceed his authority by correcting the oversight. *See id.* Moreover, we did not comment adversely upon the first violation-hearing justice's decision to require the defendant to serve six months in prison and to continue the suspension for the remaining four-year balance of his original sentence.

More recently, we approved a probation-violation justice's decision to split two original and concurrent fourteen-year suspended sentences (with probation) into two years of incarceration *and* twelve years of suspension (with probation) without commenting adversely upon the propriety of her decision. *See State v. Rice*, 727 A.2d 1229, 1231–32 (R.I.1999). In *Rice*, we held that when violation-hearing justices remove a suspended period from an original sentence, they must work within that origi-

nal sentence, and cannot "amend or decrease the sentence as originally imposed and [are] bound by the terms of that sentence." *Id.* at 1231 (quoting *Heath,* 659 A.2d at 117). We further acknowledged the defendant's admission of a probation violation to be in his best interests "in order to avoid the probability of his being required to serve *all* fourteen years of the previously imposed * * * suspended sentences." *Id.* at 1232. (Emphasis added.) Therefore, our implied approval of the violation-hearing justices' actions in *Heath* and *Rice* is now made express in this case.

 As the state argues, under Tucker's all-or-nothing interpretation, "a calculating and recidivist defendant, seeking to get out from under a lengthy suspended sentence, would have every incentive to be violated on a minor offense so that the lion's share of the suspended sentence may forever be extinguished." This Court will not construe a statute "in a way that would attribute to the Legislature an intent that would result in absurdities or would defeat the underlying purpose of the enactment." *Brennan v. Kirby,* 529 A.2d 633, 637 (R.I. 1987). Here, Tucker's construction of the statute would produce an absurd result that would contravene the purpose of probation as "a substitute for incarceration rather than a synonym for exculpation. Persons on probation are not absolved of the charges that led to their status as probationers. They are merely enjoying conditional liberty that may be revoked if they violate the terms of their probation agreement." *State v. Gobern,* 423 A.2d 1177, 1179 (R.I.1981) (citing *State v. Plante,* 109 R.I. 371, 377–78, 285 A.2d 395, 398 (1972) and § 12–19–9).

Finally, Tucker's double-jeopardy argument is without merit. It is well settled that a probation-revocation hearing is not part of the criminal prosecution process. *See State v. Chase,* 588 A.2d 120, 122 (R.I.1991). Therefore, the full panoply of constitutional rights due a defendant at trial need not always be afforded in a probation-violation hearing. *See Morris-*

*sey v. Brewer,* 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972). "Essentially the hearing is a continuation of the original prosecution for which probation was imposed. The sole purpose of the hearing is to determine whether a defendant has breached a condition of the existing probation, not to convict a defendant for a new criminal offense." *Chase,* 588 A.2d at 122 (citing *State v. Bourdeau,* 448 A.2d 1247, 1248 (R.I.1982)). "As a result, a defendant is not twice placed in jeopardy for the same offense when the facts litigated at the hearing are later used to support a criminal prosecution." *Id.* (citing *Hardy v. United States,* 578 A.2d 178, 181 (D.C.App.1990)). Because the purpose of the defendant's probation-revocation hearing was to determine only whether he had violated the conditions of his probation and not to convict him of a new criminal offense, the defendant was not placed in double jeopardy.

### Conclusion

For these reasons, we deny Tucker's appeal and affirm the order denying his Rule 35 motion.