**Supreme Court**

No. 2011-263-C.A.
(W1/91-385A)

State                          :

    v.                         :

Cory J. Roberts.               :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

|  |  |
|---|---|
| State | : |
| v. | : |
| Cory J. Roberts. | : |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** The defendant, Cory J. Roberts, appeals from a decision arising from a motion to correct a sentence of imprisonment that was executed after a finding of probation violation. In this procedurally challenging case, the defendant contends that the trial justice who presided over his 2004 probation-revocation hearing erroneously stayed the execution of ten years of a previously suspended fifteen-year sentence. From that premise, the defendant argues that, notwithstanding that the trial justice subsequently corrected that illegal sentence, it was no longer a viable sentence, such that he improperly was adjudged to be a probation violator in 2009. Finally, the defendant asserts that, after correcting his error, the trial justice impermissibly resentenced the defendant. After careful consideration, we affirm the judgment below.

### Facts and Travel

In 1992, defendant, who then was eighteen years old, entered pleas of <u>nolo</u> <u>contendere</u> to a host of charges, including first- and second-degree child molestation, resisting arrest, and multiple counts of breaking and entering and simple assault and battery. These offenses included

multiple home invasions and child sexual assaults upon the occupants. The defendant was sentenced to thirty years on each of the molestation counts, with fifteen years to serve, fifteen years suspended, with probation.

In May 2001, shortly after his release from incarceration, defendant was convicted of residential burglary in the State of Washington. That offense was similar to the crimes for which defendant was imprisoned in 1992; it involved breaking and entering into a home, during which defendant awakened a woman who was asleep in bed with her husband. The defendant was incarcerated in the State of Washington and subsequently was adjudicated a probation violator in Superior Court in March 2004. After determining that defendant was a probation violator, the trial justice wrestled with the difficult decision of what portion of defendant's fifteen-year suspended sentence should be executed.

The trial justice first heard argument from defense counsel, who represented to the court that defendant "has absolutely no problem with the vacating of [defendant's previously suspended] sentence and [then] staying a large portion of that sentence and as a condition of that stay, imposing a requirement that [defendant undergo] sex offender counseling. [The defendant] has no problem with [undergoing] sex offender counseling at all." For its part, in a sentencing memorandum, the state requested that defendant serve all fifteen years remaining on the child-molestation counts; it emphasized the similarity between the Rhode Island and Washington crimes.

Before proceeding to announce his decision, the trial justice declared that "this is one of the most difficult sentencing decisions I've ever had to make or be a part of." On the one hand, the trial justice recognized that the Rhode Island offenses of which defendant stands convicted are very serious; he also found that defendant was a "predator." On the other hand, the trial

justice was troubled that defendant appeared not to know what made him commit these crimes. In an effort to balance these concerns, the trial justice vacated the suspension of the fifteen-year sentence on the 1992 child-molestation convictions, ordered defendant to serve five years of the fifteen-year sentence, consecutive to the term then being served by defendant as a parole violator,[1] and ordered that the execution of the remaining ten years be "stayed" on condition that, upon his release from prison, defendant immediately engage in and remain compliant with an approved sex-offender treatment program. The trial justice further provided that, if defendant failed to enroll in an approved sex-offender treatment program within thirty days of his release from prison and if he did not remain in treatment until its successful completion, the so-called "stay of execution" of the ten-year term would be vacated and he would serve all ten years in prison. The defendant failed to live up to these requirements.

In March 2009, in accordance with Rule 32(f) of the Superior Court Rules of Criminal Procedure, the state filed a probation-violation report against defendant, alleging that, shortly after being released from prison, defendant had left the state without permission and that he had been arrested in Virginia. The defendant admitted the violation, and the trial justice who had ordered the so-called "stayed" sentence in 2004 removed the stay of execution on the remaining ten years of defendant's sentence and ordered defendant to serve eight years, with the remaining two years further stayed.

On April 1, 2010, defendant filed a pro se motion under Rule 35(a) of the Superior Court Rules of Criminal Procedure to correct the 2004 sentence, focusing on the stayed component of the sentence. The defendant argued that the trial justice was without authority to impose a "stayed sentence" and that only the five-year term of incarceration—which defendant already

---

[1] The defendant also was a parole violator with respect to the original fifteen-year prison term.

had served—was lawful. Counsel was appointed to represent defendant on this motion.[2] The state raised several arguments in support of its objection to the motion to correct sentence, including, <u>inter</u> <u>alia</u>, timeliness, laches, and estoppel.[3]

The trial justice issued a written order granting in part defendant's motion to correct his 2004 sentence. Although the trial justice recognized the irony arising from the fact that "the stayed sentence imposed was designed to grant [defendant] some level of leniency" and was negotiated by counsel on behalf of defendant—who readily agreed to accept it—he nonetheless concluded that "the sentence modification in 2004 was impermissible as a matter of law." Accordingly, the trial justice vacated the sentence that was ordered in connection with the 2004 violation adjudication.

The defendant was resentenced on August 26, 2010. Before pronouncing sentence, the trial justice entertained argument from defendant and the state. The defendant argued that, when he completed the five-year term imposed in 2004, the entire sentence was satisfied. The defendant further contended that, because the ten-year stayed sentence was illegal, it was null and void <u>ab</u> <u>initio</u> and that, therefore, he could not be presented as a probation violator in 2009— since, he argued, after completing the 2004 incarcerative term, he no longer was on probation. In response, the state argued that, when the trial justice ordered that defendant serve five years of

---

[2] Relatedly, defendant subsequently filed a <u>pro</u> <u>se</u> motion to vacate the sentence he received as a result of his 2009 adjudication of probation violation; he contended that because the only sentence outstanding at the time of his departure from this state was the illegal ten-year stayed sentence, there was no probationary term in 2009 and that, therefore, defendant could not be adjudicated a probation violator. However, the trial justice returned this motion to defendant because it was not submitted through appointed counsel.

[3] Because of our decision affirming the trial justice on the merits, we need not address these contentions, save for brief consideration of the question of timeliness under Rule 35(a) of the Superior Court Rules of Criminal Procedure.

the then-suspended fifteen years, the ten-year balance simply remained as a suspended portion of the original sentence and did not vanish, as defendant appeared to argue.

The trial justice rejected defendant's argument that the ten-year stayed sentence no longer existed, concluding that, at a probation-revocation proceeding, a trial justice is powerless to reduce the sentence imposed by the original sentencing justice. Accordingly, the trial justice issued two orders to effectuate his original intention when executing the sentences in 2004 and again in 2009. The first judgment was ordered nunc pro tunc to March 18, 2004 and executed five years of defendant's previously suspended fifteen-year sentence, with the remaining ten years suspended, with probation. The second judgment, nunc pro tunc to September 1, 2009, executed eight years of defendant's previously suspended ten-year sentence, with the remaining two years further suspended, with probation. The defendant timely appealed.

## Standard of Review

It is well established that "[d]ecisions concerning Rule 35 motions are within the sound discretion of the trial justice." State v. Brown, 755 A.2d 124, 125 (R.I. 2000); see also State v. Bouffard, 35 A.3d 909, 916 (R.I. 2012). Accordingly, "[o]ur authority to review a trial justice's decision on such a motion 'is extremely limited and should be exercised only when the sentence is without justification[,]'" Brown, 755 A.2d at 125 (quoting State v. Brigham, 666 A.2d 405, 406 (R.I. 1995)), and "grossly disparate from other sentences generally imposed for similar offenses." State v. Snell, 11 A.3d 97, 101 (R.I. 2011) (quoting State v. Ruffner, 5 A.3d 864, 867 (R.I. 2010)). "When faced with the interpretation of statutes and court rules upon review of a Rule 35 motion, however, we apply a de novo standard." Bouffard, 35 A.3d at 916; see also State v. Goncalves, 941 A.2d 842, 847 (R.I. 2008). Finally, with respect to a trial justice's decision to execute all or a portion of a defendant's previously suspended sentence after a

finding of probation violation, "[t]he [trial justice] has wide discretion when determining the proper sentence to exact upon a probation violator," and we will uphold that decision unless it constitutes an abuse of that discretion. State v. Lancellotta, 35 A.3d 863, 869 (R.I. 2012).

**Analysis**

Before this Court, defendant contends, as he argued below, that the ten-year stayed sentence that was executed in 2004 was null and void and that after serving the five-year incarcerative term, the entire sentence was satisfied. The defendant further contends that his Rule 35 motion only attacked the illegal portion of his 2004 sentence—the ten-year stayed sentence—and that the trial justice, having determined that the stayed sentence was unlawful, erred in resentencing him on the entire 2004 sentence. Finally, defendant argues that he should not have been adjudicated a probation violator in 2009 because the only sentence remaining was the illegal ten-year stayed sentence. Indeed, defendant submits that his due process rights were violated when he was presented and sentenced as a probation violator in 2009. We reject these contentions.

At the outset, we address an issue of timeliness. Rule 35(a) sets forth the temporal limitations on a motion to correct a sentence and provides, in pertinent part, as follows: "The court may correct an <u>illegal</u> <u>sentence</u> at any time. The court may correct a <u>sentence</u> <u>imposed</u> <u>in</u> <u>an</u> <u>illegal</u> <u>manner</u> and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed * * *." (Emphases added.) For timing purposes, Rule 35(a) thus distinguishes between two types of sentences: illegal sentences and sentences imposed in an illegal manner. In this case, defendant's motion to correct his 2004 sentence was filed on April 1, 2010—well beyond the 120-day limit for correcting a sentence imposed in an

illegal manner.[4] Therefore, defendant's motion to correct was timely only to the extent, if any, it challenged an "illegal sentence" under Rule 35(a).

We have explained that an illegal sentence under Rule 35(a) is "one that is not authorized by the statute establishing the punishment that may be imposed for the particular crime or crimes." State v. Linde, 965 A.2d 415, 417 (R.I. 2009) (quoting State v. Texieira, 944 A.2d 132, 143 (R.I. 2008)). The Reporter's Notes to Rule 35(a) provide:

> "For purposes of the rule, an 'illegal sentence' is one which has been imposed after a valid conviction but is not authorized under law. It includes, e.g., a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, a judgment that does not conform to the oral sentence."

The state insists that defendant's Rule 35 motion only alleged that his sentence was imposed in an illegal manner—not that he received an illegal sentence—and that it therefore was time-barred. In response, defendant contends that the trial justice exceeded his authority under G.L. 1956 § 12-19-9 in staying the execution of his previously suspended sentence upon condition that he engage in and remain compliant with sex-offender treatment. Although this is a close question, we are satisfied that this contention is more closely akin to a challenge to an illegal sentence. See State v. Tucker, 747 A.2d 451, 453 (R.I. 2000). In Tucker, 747 A.2d at 453, the defendant filed a Rule 35 motion to correct his sentence, arguing that the probation-revocation trial justice did not have the authority under § 12-19-9 to execute a portion of his

---

[4] Although defendant's motion focused on the sentence he received at the 2004 probation-revocation hearing, we note that the 120-day period in Rule 35(a) begins to run on the date of the final judgment of conviction, and not on the date that a defendant's probation is revoked. See State v. Brown, 821 A.2d 695, 696-97 n.2 (R.I. 2003) ("It is well settled that a trial justice does not impose a new sentence after a probation revocation hearing, but rather executes the previously imposed sentence. * * * Thus, a motion to reduce sentence must be filed within 120 days of the final judgment of conviction.").

previously suspended sentence and simultaneously continue the rest of his suspended sentence.

We deemed the defendant's argument to be a challenge to an illegal sentence:

> "Tucker's position is that the violation-hearing justice imposed an illegal sentence upon him when he ordered him to serve eighteen months of his prior-suspended sentence and continued the suspension for the remaining fifty-four months of his original sentence. Thus, the expiration of Rule 35's 120-day time limit did not preclude the court from addressing the merits of Tucker's argument." Tucker, 747 A.2d at 453.

We therefore proceed to address the merits of defendant's contentions.

"The General Assembly set forth various disposition options from which a violation-hearing justice can choose after finding that a defendant has violated his or her condition(s) of probation." Tucker, 747 A.2d at 453. Those options are set forth in § 12-19-9, which provides, in pertinent part, that:

> "Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendant, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper."

In this case, after declaring defendant a probation violator in 2004, the trial justice ordered defendant to serve five years of the original fifteen-year suspended sentence and stayed execution of the remaining ten years on condition that defendant engage in and remain compliant with sex-offender counseling. Although "the General Assembly intended that a violation-hearing justice would have considerable discretion in selecting which of the options in § 12-19-9 he or she would apply to a probation violator and in deciding how those options would be applied," Tucker, 747 A.2d at 453-54, a probation-revocation justice has no discretion to fashion a sentence that is not allowed by law. Section 12-19-9, which we have declared "clear and

- 8 -

unambiguous," State v. Parson, 844 A.2d 178, 180 (R.I. 2004), does not permit a trial justice to stay the execution of a previously suspended sentence. Recognizing his error, the trial justice corrected the error and resentenced defendant.

However, our conclusion that the trial justice had no authority under § 12-19-9 to stay the execution of defendant's suspended sentence is but a partial victory for defendant. The defendant argues that the ten-year stayed sentence was null and void ab initio and therefore disappeared, leaving only the completed five-year incarcerative term. This contention runs afoul of our decision in State v. Heath, 659 A.2d 116 (R.I. 1995).

In Heath, 659 A.2d at 116, the defendant originally received a five-year sentence, with six months to serve and the balance suspended, with probation. On several occasions, the defendant was adjudged a probation violator. Id. On the third occasion, the trial justice ordered the defendant to serve six months, but the justice neglected to mention the fate of the remaining three and one-half years of the suspended sentence. Id. When the defendant was once again adjudged a probation violator, he argued that he no longer was on probation because the justice presiding over his third probation-revocation hearing had not ordered any suspended sentence when imposing the defendant's six-month prison term. Id. The trial justice, and later this Court, rejected that argument. Id. at 116-17. We explained that "the intention of the justice who originally imposed the suspended sentences is controlling and that the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination." Id. at 116 (quoting State v. Studman, 468 A.2d 918, 920 (R.I. 1983)). With this limitation on a probation-revocation justice's authority in mind, we held that a "trial justice at [a] violation hearing [does] not possess the statutory power to amend or decrease the sentence as originally imposed and [is] bound by the terms of that sentence." Id. at 117. We repeatedly have

- 9 -

reaffirmed our holding in Heath.  See, e.g., State v. Bergevine, 883 A.2d 1158, 1159 (R.I. 2005) (mem.); Tucker, 747 A.2d at 454-55; State v. Rice, 727 A.2d 1229, 1231 (R.I. 1999).

Our decision in Heath forecloses defendant's argument that the ten years of the previously suspended sentence that had been stayed by the probation-revocation justice no longer existed.  If a probation-revocation justice lacks the statutory power to amend or reduce the sentence purposefully, surely he or she may not accomplish that result unintentionally, in the course of a display of compassion and grace to the violator.  In this case, therefore, the trial justice's error in staying the execution of the ten years remaining on the previously suspended sentence did not vitiate that portion of the sentence that the original sentencing justice had imposed.  Appropriately recognizing that he could not reduce the sentence imposed by the original sentencing justice, the trial justice reevaluated his sentence and accomplished that which he intended in the first place.

The defendant insists that this resentencing was error; because he had challenged only the illegal portion of his 2004 sentence, he argues, the trial justice erred in recalibrating the entire sentence that was executed in 2004.  To support this contention, he cites two federal court decisions—United States v. Henry, 709 F.2d 298, 307-08 (5th Cir. 1983) (en banc); United States v. Turner, 518 F.2d 14, 15-17 (7th Cir. 1975)—one of which has been overruled, and the second overwhelmingly has been rejected.  See United States v. Jefferson, 714 F.2d 689, 707 (7th Cir. 1983), vacated on other grounds, 474 U.S. 806 (1985) (mem.) (overruling Turner); see, e.g., United States v. Pimienta-Redondo, 874 F.2d 9, 14 & n.5 (1st Cir. 1989) (en banc) (rejecting Henry); United States v. Bentley, 850 F.2d 327, 329 (7th Cir. 1988) (same).  We need not accompany defendant on his cross-country tour, however, for the issue is well settled in this jurisdiction.

In Goncalves, 941 A.2d at 848, we first addressed the issue of sentence re-bundling and held that "a hearing justice who corrects an illegal sentence pursuant to Rule 35(a) may correct the entire initial sentencing package to preserve the originally intended sentencing scheme, so long as the corrected sentence does not exceed the sentence originally imposed." We recently reaffirmed this holding in Bouffard, 35 A.3d at 917.

In the case before us, the trial justice ably followed our pronouncements on sentence re-bundling. The trial justice's recalibration of the sentence that was executed in 2004 preserved his original sentencing scheme—to execute five years of the fifteen-year suspended sentence, with the remaining ten years suspended—and did not exceed the original sentence. The same can be said for the trial justice's correction of the sentence he executed after he adjudged defendant a probation violator yet again, in 2009. We are of the opinion that the trial justice acted well within his discretion in determining what portion of defendant's suspended sentence should be executed and what portion should remain suspended.

Finally, defendant argues that his due process rights were violated when he was sentenced as a probation violator in 2009; he contends that after completing his five-year prison term, he no longer was on probation because only the illegal ten-year stayed sentence remained at that point. We deem this argument unavailing for several reasons.

As a threshold matter, defendant failed to raise this issue in 2009, when he admitted that he was a violator. The proper method of challenging the state's Rule 32(f) notice of violation would have been a motion to dismiss at the probation-revocation hearing, not a Rule 35 motion after a sentence was executed upon the finding of probation violation. See State v. Dantzler, 690 A.2d 338, 339 (R.I. 1997) (the defendant moved to dismiss the state's Rule 32(f) notice of probation violation, contending that his probationary term had not begun at the time of the

- 11 -

alleged violation). Therefore, we are convinced that defendant has failed to preserve any argument that he could not have been presented as a probation violator in 2009.

Moreover, if the defendant's due process contention had been preserved, we nonetheless would conclude that it has no merit. The defendant's argument that he did not believe he was on probation after completing the five-year incarcerative term that was executed in 2004 is belied by the papers he signed when he was released from prison, in which he acknowledged the conditions of his probation. Thus, despite his present assertions to the contrary, the defendant had notice that he was on probation after he was released from prison. Therefore, the defendant's due process contention must fail.

## Conclusion

For the reasons articulated above, we affirm the judgment below. The papers in this case may be remanded to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Cory J. Roberts.

**CASE NO:**      No. 2011-263-C.A.
(W1/91-385A)

**COURT:**      Supreme Court

**DATE OPINION FILED:**      February 13, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia JJ.

**WRITTEN BY:**      Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**      Washington County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Edwin J. Gale

**ATTORNEYS ON APPEAL:**

For State:  Aaron L. Weisman
Department of Attorney General

For Defendant:  Richard K. Corley, Esq.