**Supreme Court**

No. 2012-226-C.A.

(P1/09-3671A)

State                          :

v.                          :

Kathleen McKinnon-Conneally.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

State                 :

v.                 :

Kathleen McKinnon-Conneally.     :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The defendant, Kathleen McKinnon-Conneally,[1] appeals from a Superior Court judgment finding her to be in violation of the terms of her probation and sentencing her to serve the eight and one-half years remaining on her previously suspended sentence. On appeal, the defendant argues that the hearing justice imposed an excessive sentence for her probation violation. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On March 23, 2010, defendant pled nolo contendere to one count of second-degree robbery. She was sentenced to ten years at the Adult Correctional Institutions (ACI) with

---

[1] Throughout the record of this case, defendant's last name is listed intermittently as "McKinnon Conneally" and "McKinnon-Conneally." It is unclear which format is correct.

eighteen months to serve, which term to serve was stayed pending her completion of mental health and substance abuse counseling, and eight and one-half years suspended, with probation. Although it is not entirely clear from the record, the stay on the eighteen-month term to serve was apparently removed on February 1, 2011, and defendant was incarcerated at the ACI until her release on November 30, 2011. On December 19, 2011, defendant was arrested by the West Warwick Police Department on charges of first-degree robbery and conspiracy to commit first-degree robbery, based on an incident reported on December 1, 2011. On December 22, 2011, the state filed a violation notice against defendant pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure for allegedly violating the terms of her probation. The Superior Court conducted a combined probation-violation and bail hearing on February 9, 2012.

At the hearing, complaining witness Carol Riddle testified that she went into a West Warwick package store on the night of December 1, 2011, to buy a beverage and withdraw cash from an ATM.[2] According to Riddle, defendant initiated a conversation with her and then invited her to listen to karaoke music playing in a bar next door. Riddle testified that, after drinking a couple of shots of liquor and some beer, she was ready to go home, but defendant suggested that they go someplace else to get something to eat and to "hang out." Once the two women were outside the bar, defendant's friend Andrew Jordan ("A.J.") appeared and the three began walking on a main road. Riddle recalled that defendant suggested cutting through an alley so that they could reach their next destination more quickly. Once they were in the alley, A.J. knocked Riddle to the ground with a blow to her head and then punched her in the face before demanding that she give him the personal identification number for her ATM card. Riddle recalled that defendant was also demanding the personal identification number as she dumped

---

[2] Riddle testified that she had some short-term memory problems due to a brain surgery she underwent prior to the December 1, 2011 incident.

the contents of Riddle's purse onto the ground. Riddle convinced defendant and A.J. that she had to call her sister to get the personal identification number. Riddle testified that defendant and A.J. "let her up" and that they started "picking up stuff" that "had poured out of [Riddle's] purse." The items that Riddle picked up included her "ID card" and "[defendant's] ID card." Riddle testified that she put both ID cards in her bra. The three went to a bar, where Riddle told the bartender to call the police. One of the responding officers, Patrolwoman Trenna Hemond, testified that, when she met with Riddle at the bar, Riddle was emotionally upset. After speaking with Officer Hemond, Riddle was taken to Kent Hospital, where she realized that she was missing $70, a carton of cigarettes, and some prescription medication from her purse. A nurse at the hospital asked Riddle what was in her bra, and Riddle removed both ID cards.[3] Officer Hemond met with Riddle the next day at the West Warwick police station, where Riddle signed a statement of her account of the events from the previous evening.

The hearing justice found that defendant had violated the conditions of her probation by failing to keep the peace and maintain good behavior, and he set bail at $100,000 with surety on the new charges of first-degree robbery and conspiracy to commit first-degree robbery. The Superior Court held a sentencing hearing on February 29, 2012. Susan Rivera, a social caseworker with the Department of Children, Youth & Families (DCYF), testified that defendant's then one-year-old son was in foster care because defendant had been incarcerated at the ACI and placement with a family member was not an option. Rivera testified that she had observed defendant interacting with her son during supervised visits at the ACI. While defendant had substance abuse and mental health issues to work through, Rivera was not concerned about defendant's parenting skills and was hoping to reunify defendant with her son

---

[3] The defendant's ID card was admitted as an exhibit at the combined probation-violation and bail hearing.

when she was discharged from the ACI. Rivera also testified that she warned defendant that if she was arrested again during the first year of her release from the ACI, then DCYF could move to terminate her parental rights. Rivera stated that if defendant was sentenced to more than eight months on her probation-violation conviction, then DCYF would move to terminate her parental rights to her son.

Andrea Reis, a social worker with Project Connect at DCYF, testified that she had many opportunities to observe defendant interacting with her son during supervised visits at the ACI and that she had no parenting concerns based on these observations. Reis also testified that defendant "had a diagnosis of DDHD [sic], psychosis, [Post-Traumatic Stress Disorder] and anxiety and depression disorder." The defendant testified that she had not engaged in the acts of which she was accused, but that she knew she had not kept the peace because she had solicited illegal drugs. She further testified that she had been cooperative during the entire probation-violation process and that she did not want to lose her son.

The hearing justice commented that he found defendant's actions on the night of December 1, 2011, to be predatory given that Riddle's apparent "ability to respond [and] react to things [had been] compromised" by her previous "brain operation." He also commented that defendant had been released from the ACI less than forty-eight hours prior to the incident leading to the violation hearing. The hearing justice imposed the previously suspended eight and one-half years from defendant's ten-year sentence for her conviction of second-degree robbery in 2010.

The defendant timely appealed from the judgment of conviction declaring her to be a probation violator, arguing that the hearing justice's decision was arbitrary and capricious and that the imposition of the entire eight and one-half-year suspended sentence was an abuse of

discretion. After defendant submitted her prebriefing statement, however, she entered a plea of nolo contendere to the charges of first-degree robbery and conspiracy.[4] Based on this plea, the state moved to dismiss defendant's appeal as moot. We granted the state's motion with respect to the issue of whether defendant was properly declared a violator, but denied the motion with respect to whether the sentence ordered for the probation violation was excessive. Therefore, the only issue on appeal is whether the hearing justice abused his discretion when he ordered that defendant's suspended sentence be executed in its entirety.[5]

## II

### Standard of Review

A trial justice has wide discretion to determine whether to execute any or all of a defendant's previously suspended sentence. State v. Roberts, 59 A.3d 693, 697 (R.I. 2013); State v. Lancellotta, 35 A.3d 863, 869 (R.I. 2012). Therefore, our review of a probation-violation sentence is for an abuse of discretion only. Roberts, 59 A.3d at 697.

---

[4] After defendant pled nolo contendere to first-degree robbery, she was sentenced to twenty years at the Adult Correctional Institutions, with eight and one-half years to serve, and eleven and one-half years suspended, with probation. This sentence was to run concurrently with the eight and one-half years that defendant was ordered to serve for her probation violation. On defendant's nolo contendere plea to the count for conspiracy, she was sentenced to ten years suspended, with probation.

[5] The state contends that this issue is not properly before this Court because defendant did not first challenge her sentence in the Superior Court by filing a motion to correct or reduce her sentence pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure. We have previously stated, however, that the revocation of probation results in the execution of a previously imposed sentence and not in the imposition of a new sentence. State v. Brown, 821 A.2d 695, 696 n.2 (R.I. 2003). Therefore, defendant's appeal from the execution of the previously suspended eight and one-half years is properly before us for review.

# III

## Discussion

The defendant argues that the sentence ordered is excessive because the hearing justice ignored the sentencing benchmark for the 2010 conviction for second-degree robbery, defendant's mental health diagnoses, and defendant's substance abuse problems.

It is well settled that "the unexecuted portion of a probationer's suspended sentence hangs over his or her head by the single horsehair of good behavior, until such time as the term of probation expires." State v. Parson, 844 A.2d 178, 180 (R.I. 2004). When a defendant is found to have violated the terms and conditions of his or her probation, "[G.L. 1956] § 12-19-9 grants violation-hearing justices wide latitude in deciding whether a probation violator's suspended sentence should be removed in whole, in part, or not at all."[6] State v. Tucker, 747 A.2d 451, 454 (R.I. 2000). When a hearing justice is deciding how much of a previously suspended sentence to execute, his or her primary focus should be on the nature of the first offense. State v. Pires, 525 A.2d 1313, 1314 (R.I. 1987). The circumstances of the second offense, however, may also be taken into account. Id.

Here, the hearing justice advised the defendant that he was not sentencing her for the conduct that formed the basis for the probation violation. As he correctly noted, the only

---

[6] General Laws 1956 § 12-19-9 provides in pertinent part:

> "Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendant, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper."

concern relative to the new charges was that she had failed to keep the peace. The hearing justice also acknowledged that the sole issue to be resolved at the sentencing hearing was the "portion, if any, of the [suspended] sentence [the defendant] should be required to serve." The hearing justice explicitly referred to the circumstances of the offense underlying the sentence imposed for the 2010 conviction for second-degree robbery and the indication in the police report that the defendant had engaged in physical violence during that incident as well. It appeared to the hearing justice that the defendant had preyed on Riddle's apparent vulnerability. The hearing justice repeatedly commented that the defendant had been released from the ACI less than forty-eight hours before engaging in conduct that violated the terms of her probation and that this conduct was similar in nature to that for which she was originally sentenced. The hearing justice further noted that the defendant had been fortunate to have been ordered to serve only eighteen months of the original ten-year sentence. After carefully considering the record in this case in light of the hearing justice's broad discretion to determine the extent to which a suspended sentence will be executed, or not, we are satisfied that the hearing justice did not abuse his discretion in executing the remaining eight and one-half years of the defendant's previously suspended sentence. See Parson, 844 A.2d at 180; Tucker, 747 A.2d at 454.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## Clerk's Office Order/Opinion Cover Sheet

**TITLE OF CASE:**      State v. Kathleen McKinnon-Conneally.

**CASE NO:**      No. 2012-226-C.A.
                              (P1/09-3671A)

**COURT:**      Supreme Court

**DATE OPINION FILED:**   November 10, 2014

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                              Associate Justice Walter R. Stone

**ATTORNEYS ON APPEAL:**

                              For State:  Lauren S. Zurier
                                          Department of Attorney General

                              For Defendant:  David D. Prior, Esq.