**359 A.2d 43.**

MARTIN MALINOU *vs.* RHODE ISLAND
HOSPITAL TRUST NATIONAL BANK.

JUNE 24, 1976.

PRESENT: Bevilacqua. C. J., Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN J. This is an appeal from a Superior Court judgment dismissing Martin Malinou's appeal from a decree of the Probate Court of the City of Providence. The case

has its origins in the interstate death of Ernest V. Beazley in 1961. Malinou was then a member of the bar of this state and Public Administrator of the city of Providence. In his latter capacity he contested the petition of an allegedly "remote cousin" of the decedent for the appointment of Rhode Island Hospital Trust National Bank (Hospital Trust) as administrator of the Beazley Estate and sought that appointment for himself. That contest was resolved against him by a judge in the Probate Court, by a jury in the Superior Court and by a unanimous opinion of this court to which reference is made for a complete recital of the significant circumstances. In that opinion our holding was that a public administrator should not be an "intermeddler or engage in active competition with others for the appointment as the administrator of an estate," and that in the circumstances Malinou was precluded "from asserting any right to take charge and administer the decedent's estate." *Malinou v. Cairns*, 102 R. I. 462, 466, 231 A.2d 785, 787, *reargument denied*, 102 R. I. 761, 231 A.2d 788, *cert. denied*, 389 U.S. 1015, 88 S.Ct. 590, 19 L.Ed.2d 660 (1967), *rehearing denied*, 390 U.S. 930, 88 S.Ct. 849, 19 L.Ed.2d 96 (1968).

In the current procedings Malinou, who has long since ceased to hold the office of public administrator, seeks compensation for the legal services rendered in the earlier contest for the appointment of an administrator. Additionally, he challenges Hospital Trust's first account primarily because it denies the city of Providence use of the estate assets and also because it awards fees, commissions, compensation and expenses to Hospital Trust and its counsel.

The Probate Court denied Malinou's petition for counsel fees and rejected his objection to the allowance of Hospital Trust's account, and his appeal from the probate decree

was dismissed in the Superior Court apparently on the trial justice's own motion.[1]

On appeal to this court Malinou argues that the meaning of the word "aggrieved" as used in G. L. 1956 (1969 Reenactment) §33-23-1[2] was expanded by our opinion in *Rhode Island Ophthalmological Soc'y* v. *Cannon*, 113 R. I. 16, 317 A.2d 124 (1974), so that now all he need show to qualify as an appellant from the denial of his motion for an award of counsel fees is that he has sustained "an injury in fact, economic or otherwise." He further argues that the denial of his motion in fact constituted an economic injury, and that consequently the trial justice erred in dismissing this aspect of his appeal on lack of aggrievement grounds.

■ Assuming without deciding that this argument is sound, an alternative ground relied on by the trial justice for rejecting Malinou's claim was his judgment that our opinion in *Malinou* v. *Cairns, supra,* foreclosed Malinou's obtaining from the estate a fee for services rendered by Malinou the attorney for representing Malinou the intermeddling public administrator. Malinou has neither advanced any persuasive argument nor referred to any pertinent authority indicating that the trial justice erred in that judgment. But even if he did, Malinou would still be required to overcome the general rule which, in the absence of specific statutory authority or contractual liability therefor, prohibits counsel fees from being taxed as part of the costs

---

[1]Malinou has not argued, and we do not consider, whether the trial justice should have acted sua sponte.

[2]General Laws 1956 (1969 Reenactment) §33-23-1, in pertinent part, reads as follows:

"Any person *aggrieved* by an order or decree of a court of probate may, unless provisions be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established, by taking the following procedure * * *." (Emphasis added.)

of litigation or otherwise. *Waite* v. *Board of Review of the Dep't of Employment Sec.,* 108 R. I. 177, 273 A.2d 670 (1971); *Washington Trust Co.* v. *Fatone,* 106 R. I. 168, 172, 256 A.2d 490, 493 (1969).[3] In an attempt to remove his claim from the operative scope of that rule, Malinou points to our recognition in *Malinou* v. *Powers,* 114 R. I. 399, 405, 333 A.2d 420, 423 (1975), of the doctrine that in appropriate instances, such as class actions, courts may fashion exceptions to the general prohibition. While we iterate our recognition of the doctrine referred to, Malinou has not persuaded us that the peculiar circumstances of this case bring him within any of these exceptions.

In our judgment the trial justice was also correct in rejecting Malinou's objection to the allowance of Hospital Trust's first account. That objection was bottomed upon Malinou's assertion that the account permitted the administrator to retain the estate assets in its possession, thereby depriving the city of Providence of the beneficial use of the estate's funds pending determination of the distributive shares of unknown heirs. The short response to that assertion is that Malinou's objection to the account was filed as public administrator notwithstanding that at the time of filing he no longer held that office. *See Malinou* v. *Maguire,* 105 R. I. 541, 545-46, 253 A.2d 587, 589 (1969). Moreover, even title to that office would not have carried with it the authority to assert the city's alleged interest

---

[3] In *Jones* v. *Aciz,* 109 R. I. 612, 624, 289 A.2d 44, 51, *appeal dismissed sub nom. Phillips* v. *Housing Auth'y,* 409 U. S. 1094, 93 S.Ct. 704, 34 L.Ed.2d 678 (1972), we said: "Attorney's fees are part of the costs of litigation and may be taxed as costs." That statement was made with reference to an express statutory provision for attorney's fees and thus is consistent with the general rule to which we refer in the text.

552

in the estate's assets. *See Malinou* v. *Mears*, 97 R. I. 15, 20, 195 A.2d 232, 234 (1963).[4]

For the reasons indicated the plaintiff's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Martin Malinou,* for plaintiff.

*Henry M. Swan,* for defendant.

---

[4]Malinou has also alleged an economic injury to himself as a resident taxpayer. That contention requires no consideration first because he brought this action in his capacity as public administrator and not in his individual capacity, and second because he has not supported this claim either by argument or citation of authority as required by our Sup. Ct. R. 16.