**In re CRAIG F.**

**No. 85–507–Appeal.**

Supreme Court of Rhode Island.

Dec. 22, 1986.

Paul L. Foster, Cranston, Laureen Q. D'Ambra, Providence, for Dept. for Children & Their Families.

Eugene F. Toro, Providence, for defendant.

OPINION

WEISBERGER, Judge.

This case comes before us on an appeal by the Department for Children and Their Families (DCF) from an award of counsel fee made to the parents of the subject child following dismissal of a petition alleging sexual abuse of the child. We reverse. The facts underlying this controversy are as follows.

On or about October 31, 1984, DCF filed a petition alleging sexual abuse against the parents of Craig. As a result of said petition Craig and his sister were taken from the parents on an ex parte order of detention and placed in the custody of DCF. Upon arraignment on November 7, 1984, the parents denied the allegations and a probable cause hearing was scheduled for November 15, 1984.

At the probable-cause hearing a justice of the Family Court determined that there was no probable cause to continue detention of the children. Basically, the justice of the Family Court held that there was no competent evidence offered in support of the charge. Thereupon, counsel for the parents moved to dismiss the petition. However, counsel for DCF indicated that

adequate and competent evidence would be available at trial. The trial of the case was held on January 24, 1985. At trial DCF was unable to present any evidence beyond that which had been presented at the probable-cause hearing. The parents had previously moved for an award of costs and counsel fees in the event that DCF was unable to present sufficient evidence to justify going to trial.

At the close of the hearing, the trial justice dismissed the petition and awarded costs and a counsel fee to the parents. There appears to be some disagreement about whether DCF had agreed to the reasonableness of the fee and a cost item consisting of the cost of the transcript in the amount of $60.

Apparently, the award of counsel fee was finalized at the hearing on May 9, 1985, in which the court found as a fact that DCF had acted frivolously in assigning this matter for trial on the merits.

The sole issue raised by this appeal is whether the Family Court had power to award a counsel fee, even in the event that it found DCF to have acted frivolously in bringing on a case for trial when it had been earlier unable to establish probable cause.

The Rhode Island rule governing the award of counsel fee has been well expressed in *Quill Co. v. A.T. Cross Co.*, 477 A.2d 939, 943 (R.I.1984), in which we stated that "absent specific statutory authority or contractual liability therefor, counsel fees may not be taxed as part of the costs of litigation. *R.A. Beaufort & Sons, Inc. v. Trivisonno*, 121 R.I. 835, 843, 403 A.2d 664, 668 (1979); *Malinou v. Rhode Island Hospital Trust National Bank*, 116 R.I. 548, 550-51, 359 A.2d 43, 44 (1976); *Washington Trust Co. v. Fatone*, 106 R.I. 168, 172, 256 A.2d 490, 493 (1969)."

In determining the power of the Family Court to award counsel fees, we have taken a similar view. The Family Court is a statutory court upon which have been conferred limited powers. We stated in *Waldeck v. Piner*, 488 A.2d 1218, 1220 (R.I.

1985) that "[t]he Family Court lacks general equitable powers and cannot take action unless specific jurisdictional authority to act can be found in the Family Court Act. *Britt v. Britt*, 119 R.I. 791, 794-95, 383 A.2d 592, 594 (1978)."

Indeed *Waldeck* seems to be controlling on the issues raised in the case at bar. In *Waldeck* the defendants in a series of paternity suits had been awarded counsel fees by reason of the fact that they were forced to trial although a simple blood test would have conclusively established that they were not the parents of the children in the separate cases that came before us on appeal. Although we were critical of the Department of Social and Rehabilitative Services for refusing to allow a dispositive blood test before bringing the case to trial, we pointed out that in the absence of any statutory authorization in the Uniform Paternity Act to award counsel fees to putative fathers who had been found not to be responsible under the act owing to failure to establish paternity, we were constrained to overturn an award of such counsel fees. 488 A.2d at 1220-21.

Similarly in the case at bar an examination of G.L.1956 (1984 Reenactment) § 40-11-7.1 discloses no authority conferred upon the Family Court to award counsel fees to successful respondents in child abuse or neglect proceedings. Consequently, since the Family Court had no statutory authority to award such a fee, even the finding of frivolous conduct would not confer such power upon the court in light of our prior holdings.

For the reasons stated, the appeal of DCF is sustained. The award of counsel fee is reversed (although the payment of cost of transcript is affirmed), and the papers in the case may be remanded to the Family Court.