STATE

v.

Alexander TAVERA.

No. 2005–41–C.A.

Supreme Court of Rhode Island.

Dec. 21, 2007.

Aaron L. Weisman, Providence.

James T. McCormick, Providence.

ORDER

The defendant, Alexander Tavera (defendant), appeals from a Superior Court order denying his motion to reduce his sentence. This case came before the Supreme Court for oral argument on December 11, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument.

On August 2, 2004, defendant pled *nolo contendere* to an indictment charging him with conspiring to violate the state's narcotics laws, possession of narcotics, and operating a vehicle in an attempt to elude a police officer. Upon his plea of *nolo contendere*, the trial justice sentenced defendant to thirty years imprisonment, with eight to serve at the Adult Correctional Institutions (ACI), and the balance to be suspended, with probation, for conspiracy to violate the state's narcotics laws. In addition, the trial justice sentenced defendant to a concurrent term of thirty years imprisonment, with eight to serve at the

ACI, and the balance to be suspended, with probation, for possession of cocaine with the intent to deliver. Finally, defendant was sentenced to a concurrent term of one year without probation for operating a motor vehicle in an attempt to elude a police officer. Thereafter, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, defendant filed a motion to reduce his sentence, which was denied.

In denying defendant's motion, the trial justice stated, in part:

"This plea agreement was negotiated. We went through the plea. You had an interpreter, and it was very clear to me it was a voluntarily, knowing, intelligent plea and that when I accepted it, I made a determination that there was an adequate basis of facts presented by the prosecutor here and agreed to by the defendant that I was satisfied that the affidavit signed by the defendant was signed voluntarily, intelligently with knowledge and understanding of all matters set forth therein.

"I don't see any reason why at this stage, about a month and one week later, I would modify your sentence. I've looked at the memorandum and I must say that it does not set forth a factual basis that I would consider other than frivolous. I do not think it was manifestly excessive to serve eight years when convicted of a crime that you could have gone for thirty."

On January 28, 2005, defendant filed a premature appeal.[1] On appeal, defendant does not set forth any issues for this Court to review, but rather acknowledges the limited scope of this Court's appellate review and asks that we review the transcript of the hearing on defendant's motion

---

1. Because final judgment was entered later, defendant's premature appeal was valid. *See*

*McAdam v. Grzelczyk,* 911 A.2d 255, 258 n. 4 (R.I.2006).

to reduce his sentence to determine whether the trial justice abused her discretion by denying his motion.

Article I, Rule 16(a) of the Supreme Court Rules of Appellate Procedure specifies that an appellant's brief shall contain, *inter alia*, "a specification of the errors claimed with a page citation to the places in the record and the appendix where such error can be found," in addition to "the points made, together with the authority relied on in support thereof." The rule further impresses upon litigants that "[e]rrors not claimed, questions not raised and points not made ordinarily will be treated as waived and not be considered by the Court." *Id.*

In accordance with the obvious mandate of Rule 16, we have held that the failure to advance any persuasive argument or refer to any pertinent authority indicating that the trial justice erred in its judgment is detrimental to a party's appeal. *See Malinou v. Rhode Island Hospital Trust National Bank*, 116 R.I. 548, 550, 359 A.2d 43, 44 (1976); *Mercurio v. Fascitelli*, 116 R.I. 237, 243–44, 354 A.2d 736, 740 (1976).

We appreciate the fact that defendant's appeal represents his last effort to advance a plea for leniency, but that does not obviate the need to comply with this Court's rules of procedure. It is not the role of this Court to independently develop an argument for a defendant, replete with assertions of errors of law and persuasive authority.

Nevertheless, even if the defendant had directed our attention to a specific error that the trial justice made in the course of denying his motion to reduce his sentence, it is unlikely that such an argument would have prevailed. This Court has a "strong policy against interfering with a trial justice's discretion in sentencing matters." *State v. Ferrara*, 818 A.2d 642, 644 (R.I. 2003) (quoting *State v. Rossi*, 771 A.2d 906, 908 (R.I.2001) (mem.)). The defendant carries the burden of demonstrating that the sentence imposed is "grossly disparate from other sentences generally imposed for similar offenses." *Id.* In this case, the defendant has failed to advance any argument, let alone carry his burden of demonstrating a manifestly excessive sentence.

For the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers in this case may be returned to the Superior Court.