STATE

v.

George **BOUFFARD**.

No. 2009–343–C.A.

Supreme Court of Rhode Island.

Jan. 17, 2012.

Aaron L. Weisman, Department of Attorney General, for State.

Marie T. Roebuck, Office of the Public Defender, for Defendant.

Present: SUTTELL, C.J.,
GOLDBERG, FLAHERTY, ROBINSON,
and INDEGLIA, JJ.

## OPINION

Justice INDEGLIA, for the Court.

George Bouffard (Bouffard or defendant) appeals from an order partly denying his motion to correct his sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. On appeal, the defendant challenges the resulting restructure of his sentencing package by the hearing justice upon the determination that the particular sentence at issue was either illegal or illegally imposed. This case came before the Supreme Court for oral argument on October 27, 2011, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the parties' written and oral submissions, we are satisfied that cause has not been shown, and we proceed to decide the appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the order of the Superior Court.

## I

## Facts and Travel

An analysis of Bouffard's arguments on appeal requires review of the charges, convictions, pleas and sentences that have shaped his criminal history and accompanying sentencing profile over the last two decades.

1. Neither the request to enter plea nor the judgment of conviction and commitment entered in the 1997 case indicate whether the sentence imposed was to run concurrently

## A

## Bouffard's Criminal History

On September 23, 1991, Bouffard entered pleas of *nolo contendere* to charges of aiding and abetting and conspiracy to commit extortion in Superior Court case number P2/91–1454A (the 1991 case). As to the charge of aiding and abetting, the court imposed a sentence of fifteen years, the first six years to serve and the remaining nine years suspended, with nine years of probation. In regard to the conspiracy charge, the court imposed a sentence of ten years, defendant to serve six years, with four years suspended and four years of probation. The court directed that the sentences run concurrently and apply retroactively to April 10, 1991. Bouffard served his six-year term of incarceration imposed in the 1991 case at the Adult Correctional Institutions (ACI) and was released in April 1997.

Within three months of his release, Bouffard was arrested and charged with breaking and entering into a dwelling. As a result of this charge, Bouffard was presented in the Superior Court on July 29, 1997, as a violator of his probation originating from the 1991 case. Ultimately, Bouffard waived a violation hearing and, on the breaking-and-entering charge, he entered a plea of *nolo contendere* on September 12, 1997, in Superior Court case number P2/97–3061A (the 1997 case), resulting in the imposition of a ten-year sentence—three years to serve and seven years suspended, with seven years of probation to commence upon his release from the ACI.[1] On that date, the sentencing justice also continued Bouffard on the same sentence imposed in the 1991 case.

with or consecutively to the sentences imposed in the 1991 case, or any other of defendant's past cases.

The record reflects that Bouffard served his time incurred from the 1997 case and was released from the ACI. Soon thereafter, however, Bouffard again was arrested and charged with breaking and entering as the result of an incident occurring on June 21, 2000. The state consequently presented Bouffard as a violator of his probation terms imposed in both the 1991 case and the 1997 case in a violation notice filed July 18, 2000, pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.[2] Bouffard pled not guilty to the underlying breaking-and-entering charge in Superior Court case number P2/00–2368A (the 2000 case), but nonetheless was adjudged a violator of his suspended and probationary sentences in May 2001. Specifically, the Superior Court justice determined that Bouffard violated the sentences associated with the 1991 case and removed the suspension on the nine remaining years, committing him to serve six of those nine years, with the rest suspended. As to the 1997 case, the hearing justice continued Bouffard on the same sentence, which at that time comprised seven years remaining suspended. After Bouffard received this six-year sentence, the Superior Court allowed him to withdraw his original plea of not guilty in the 2000 case and enter a plea of *nolo contendere.* In consideration of this plea, Bouffard, on October 9, 2001, received a fifteen-year sentence, with six years to serve and nine years suspended, with nine years of probation.[3]

After serving six years at the ACI for the June 2000 crime, Bouffard was released, only to find himself faced with yet another breaking-and-entering charge in July 2006.[4] In view of that allegation, the state filed a Rule 32(f) notice of violation on July 5, 2006, contending that Bouffard violated the terms and conditions of his probation imposed in both the 1997 case and the 2000 case. A violation hearing—presided over by a magistrate of the Superior Court—ensued over the course of two days in December 2006. During the hearing, the state presented several witnesses, and the magistrate ultimately determined that Bouffard had violated the terms of his probation by failing to keep the peace and be of good behavior as a result of his conduct on the day of the incident. Thereafter, the magistrate sentenced Bouffard as a violator, removing the suspension on the seven years remaining in the 1997 case and continuing him on the same sentence in the 2000 case. During Bouffard's sentencing, the prosecutor requested that the nine years suspended on the 2000 case likewise be removed; however, the magistrate denied this request and expressed his

---

2. Rule 32(f) of the Superior Court Rules of Criminal Procedure, which governs the revocation of probation, reads:

"The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision."

3. The sentencing justice who accepted Bouffard's plea in the 2000 case applied his sentence retroactively to June 27, 2000. Consequently, on November 7, 2001, the hearing justice who presided over Bouffard's May 2001 violation hearing (originating from the 2000 case) corrected the judgment of conviction involving the 1991 case violation to likewise reflect a retroactive date of June 27, 2000.

4. This charge comprised one of four counts alleged against Bouffard in Superior Court case number P2/06–3973AG (the 2006 case).

intent that the court "have * * * a hold on [Bouffard] when he gets finished with [the seven-year] sentence." Following this adjudication of probation violation, Bouffard appealed to this Court in *State v. Bouffard,* 945 A.2d 305, 306 (R.I.2008), challenging the authority of the magistrate and the sufficiency of the evidence presented against him. This Court affirmed the judgment of the Superior Court. *Id.* at 313.

Prior to this Court's affirmance of Bouffard's violation in 2008, the state, on April 3, 2007, dismissed the underlying breaking-and-entering charge set forth in the 2006 case.[5] Two days later, Bouffard timely filed a *pro se* motion under Rule 35 to correct what he alleged to be an illegal sentence imposed in the 1997 case.[6] After several continuances while Bouffard's appeal to this Court was pending, and after the appointment of counsel,[7] Bouffard's Rule 35 motion was heard by a Superior Court justice on April 3, 2009. Specifically, Bouffard requested that the Superior Court correct the sentence imposed by the magistrate as a result of Bouffard's 2006 probation violation because the suspension that the magistrate removed from the seven-year sentence in the 1997 case was no longer available for revocation at that time. Bouffard argued that, when the hearing justice removed the suspension on the sentence in the 1991 case and committed him to six years of incarceration (upon

finding Bouffard a violator based on the June 2000 incident), that hearing justice should also have removed the suspension on six years from his concurrently running seven-year suspended sentence in the 1997 case. Thus, according to Bouffard's calculations, only one year suspended actually remained on the 1997 case upon his completion of the six-year sentence at the ACI in 2006. Therefore, Bouffard contended, the magistrate could not have removed the suspension on seven years from the 1997 case upon deeming him a violator for the 2006 incident because only one year remained on that sentence. Bouffard maintained that by revoking the seven-year suspension in the 1997 case, the magistrate in effect sentenced him to serve thirteen years—amounting to what Bouffard averred was an illegal consecutive sentence. In countering Bouffard's contention, the state argued that the magistrate was free to remove the suspension on the entire seven-year sentence at any time during the course of probation.

## B

### Decision on the Rule 35 Motion

After considering the parties' written memoranda and argument at the Rule 35 hearing, the hearing justice issued a written decision that deemed the challenged sentence as illegal or illegally imposed, but he nonetheless restructured Bouffard's

---

**5.** The 2006 case also involved multiple larceny charges; however, these charges were likewise dismissed by the state in April 2007.

**6.** Rule 35(a) of the Superior Court Rules of Criminal Procedure reads in pertinent part: "The court may correct an illegal sentence at any time. The court may correct a sentence imposed in an illegal manner and it may reduce any sentence when a motion is filed within one hundred and twenty (120) days after the sentence is imposed, or within one hundred and twenty (120) days after receipt by the court of a mandate of the

Supreme Court of Rhode Island issued upon affirmance of the judgment or dismissal of the appeal * * *. * * * The court may reduce a sentence, the execution of which has been suspended, upon revocation of probation."

**7.** The record indicates that after new counsel was appointed in September 2008, counsel filed a second motion—a motion for release—based on the same illegal sentence contentions.

sentencing package to maintain the seven-year sentence levied for the 2006 violation.[8] In characterizing the sentence at issue as illegal, the hearing justice relied on this Court's prior pronouncements in *Pelliccia v. Sharkey*, 110 R.I. 319, 292 A.2d 862 (1972) and *State v. Studman*, 468 A.2d 918 (R.I.1983) for the principle that "when two or more sentences are not expressly stated as being consecutive, the presumption is that they were imposed to be served concurrently." *Studman*, 468 A.2d at 919 (quoting *Pelliccia*, 110 R.I. at 323–24, 292 A.2d at 865). In regard to the removal of suspensions, the hearing justice further looked to *Studman*, in which we emphasized "that the intention of the justice who originally imposed the suspended sentences is controlling and that the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination." *Id.* at 920 (citing *Pelliccia*, 110 R.I. at 323, 292 A.2d at 865). Based on these holdings, the hearing justice concluded that, in his view, the sentences imposed in the 1991 case and the 1997 case were running concurrently, and therefore, the six years to serve imposed in the 1991 case based on the June 2000 probation violation should have likewise been imposed in the 1997 case at that time. Therefore, from the hearing justice's perspective, only one year remained on Bouffard's suspended sentence in the 1997 case

(as opposed to seven years) at the time the magistrate imposed the seven-year sentence for the December 2006 violation determination, thus constituting an illegal sentence in violation of G.L.1956 § 12–19–9.[9]

In reviewing Bouffard's challenge, the hearing justice likewise found the sentence at issue to be imposed in an illegal manner, based on the "failure to apply any time to serve against all of the sentences upon which [Bouffard] had been presented as a violator" in 2001, in conjunction with the magistrate's imposition of seven years to serve on the violation against the 1997 case in December 2006. In essence, the hearing justice agreed with Bouffard's contention that the magistrate in 2006 had in effect imposed a consecutive sentence, which extended the original sentence in the 1997 case, in excess of his statutory authority under § 12–19–9.

Despite his findings concerning the illegality of Bouffard's sentence, the hearing justice ultimately resentenced Bouffard to seven years to serve for the 2006 violation based on the re-bundling concept adopted by this Court in *State v. Goncalves*, 941 A.2d 842 (R.I.2008). Pursuant to *Goncalves*, a hearing justice who corrects an illegal sentence may modify "the entire initial sentencing package to preserve the originally intended sentenc-

---

**8.** The hearing justice who considered Bouffard's Rule 35 motion was not the same sentencing magistrate who imposed the sentence Bouffard challenged as illegal; that magistrate had since retired.

**9.** General Laws 1956 § 12–19–9 governs the imposition of sentences based on probation violations and reads in pertinent part as follows:

"Whenever any person who has been placed on probation pursuant to [G.L.1956] § 12–9–8 violates the terms and conditions of his or her probation as fixed by the court, the police or the probation authority shall inform the attorney general of the violation, and the attorney general shall cause the defendant to appear before the court. * * * Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendant, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper."

ing scheme * * *."[10] *Goncalves*, 941 A.2d at 848. After reviewing several factors, discussed *infra*, the hearing justice fashioned a new sentence conforming to what he believed was the magistrate's original sentencing intent, and resentenced Bouffard to seven years to serve by revoking that portion of his suspended sentence in the 2000 case.[11] Bouffard timely appealed to this Court.

## II

### Issues on Appeal

On appeal, Bouffard challenges only the portion of the hearing justice's ruling in regard to the re-bundling of his sentencing package. Specifically, Bouffard contends that the hearing justice lacked resentencing authority because he was not the original sentencing magistrate who imposed the alleged illegal sentence and, therefore, could not (and did not) effectuate the magistrate's original sentencing intent upon restructuring the sentencing scheme. In arguing that the hearing justice failed to conform to the original intent of the sentencing plan, Bouffard points to the magistrate's decision to "refuse[ ] to revoke on the 2000 case even though the prosecutor specifically requested such."

Additionally, Bouffard maintains that his case falls outside the parameters of *Goncalves* because the state ultimately dismissed the underlying charge that formed the basis of his December 2006 probation

violation hearing.[12] Thus, Bouffard contends, the modified sentence failed to fit both the "'crime and criminal'" as required by *Goncalves*, 941 A.2d at 848.

In reply, the state contends that *Goncalves* does not preclude a second justice from performing the re-bundling of a sentencing scheme to effectuate the intent of an original sentencing justice. The state argues that the hearing justice did indeed retain such original intent in sentencing Bouffard to seven years to serve through his re-bundling effort, particularly in light of Bouffard's "voluminous criminal history" of which the original sentencing magistrate would have been made aware. The state contests Bouffard's attempt to factually distinguish his case from the circumstances considered in *Goncalves*, arguing that the magistrate's continuation of Bouffard on the suspended sentence in the 2000 case followed from his choice to remove the suspension on the seven-year sentence in the 1997 case, and was not based on an adamancy to leave the 2000 case sentence intact. The state further argues that the eventual dismissal of the underlying charge in the 2006 case was not relevant to the hearing justice's preservation of the originally intended sentencing scheme in his re-bundling endeavor.

Although not raised by Bouffard in this appeal, the state avers that no re-bundling was even necessary in this case because the sentencing justice, in May 2001, prop-

---

**10.** This practice, commonly referred to as "re-bundling," "occurs '[w]hen one or more components of a defendant's sentence are held to be illegal' and the hearing justice thereafter corrects the *entire* sentencing package in order to 'effectuate the original sentencing intent.'" *State v. Goncalves*, 941 A.2d 842, 847 (R.I.2008) (quoting *United States v. Martenson*, 178 F.3d 457, 462 (7th Cir.1999)); *see also United States v. Binford*, 108 F.3d 723, 728 (7th Cir.1997) (explaining that "[w]hen a sentencing package is unbundled,

such as when part of a sentence is vacated, * * * in order to effectuate its original sentencing intent, the * * * court may 'rebundle' the package by resentencing the defendant").

**11.** The hearing justice issued a written decision in this matter on May 6, 2009.

**12.** In *Goncalves*, 941 A.2d at 844 n. 1, the court accepted a plea of *nolo contendere* to the underlying charge by the defendant prior to resentencing.

erly imposed a legal sentence when he removed the suspension on six years in the 1991 case and did not simultaneously remove the suspension on six years from the 1997 case. Therefore, the state contends, the sentencing magistrate, in December 2006, appropriately removed the suspension on seven years in the 1997 case.[13]

## III

### Standard of Review

"A ruling on a motion to correct sentence is committed to the sound discretion of the hearing justice, and his or her decision will normally be disturbed 'only when the sentence is without justification.'" *Curtis v. State*, 996 A.2d 601, 604 (R.I.2010) (quoting *State v. Brown*, 755 A.2d 124, 125 (R.I.2000)). Thus, this Court's review of such a ruling is "limited," *State v. Ruffner*, 5 A.3d 864, 867 (R.I.2010) (quoting *Curtis*, 996 A.2d at 603–04), particularly in light of our "strong policy against interfering with a trial justice's discretion in sentencing matters." *State v. Mendoza*, 958 A.2d 1159, 1161 (R.I.2008) (quoting *State v. Tavera*, 936 A.2d 599, 600 (R.I.2007) (mem.)). When faced with the interpretation of statutes and court rules upon review of a Rule 35 motion, however, we apply a *de novo* standard. *Goncalves*, 941 A.2d at 847.

## IV

### Discussion

#### A

#### The Hearing Justice's Authority

Underpinning Bouffard's challenge to the re-bundling of his sentencing struc-

ture is his argument on appeal that the hearing justice lacked the requisite authority to perform the re-bundling analysis and impose the reconstructed sentence, thus precluding the application of *Goncalves* to his case. A review of our holding in *Goncalves*, however, reveals that Bouffard's contention is without merit.

In *Goncalves*, we considered a hearing justice's authority under Rule 35(a) to modify his original order concerning the defendant's sentence to serve three years on a 2002 conviction for violating his probation and to continue him on a four-year suspended sentence in a 2003 matter. *Goncalves*, 941 A.2d at 845, 847. Subsequent to that original order, the defendant's sentence on the underlying 2002 conviction was corrected to two years suspended from three years; consequently, the defendant moved to also correct the order to serve three years on the 2002 conviction issued by the probation-violation hearing justice. *Id.* at 845. During hearing, the defendant argued that the order to serve three years on the 2002 conviction was illegal based on the correction of the underlying suspended sentence to two years and that the corrected two-year suspended sentence had been completed by the time the order was issued. Additionally, the defendant argued that "the hearing justice could not modify his order to require [the] defendant to serve any of the *2003 sentence*, because the hearing justice already had continued the original suspension and no longer had jurisdiction to modify that disposition." *Id.* The hearing jus-

---

**13.** The state argues that the circumstances in Bouffard's case are distinguishable from those presented in *State v. Studman*, 468 A.2d 918 (R.I.1983) and its progeny because in those cases, a single violating justice executed consecutively two (or more) presumptively concurrent suspended sentences. *See id.* at

919; *see also State v. Hull*, 754 A.2d 84, 87–88 (R.I.2000). The state contends that in Bouffard's case, however, two different violating justices executed two presumptively concurrent suspended sentences for two separate violative acts.

tice ultimately corrected his original order by removing the three-year suspension in the 2003 case, stating his intention that the defendant serve three years at the ACI "as intended in the original order," hence, re-bundling the defendant's sentencing scheme. *Id.*

The defendant's appeal of the hearing justice's re-bundling in *Goncalves* presented an issue of first impression for this Court. *Goncalves*, 941 A.2d at 847. After reviewing the holdings of neighboring jurisdictions for guidance, we embraced the practice of sentence re-bundling. *Id.* at 847–48. In so doing, we held that "a hearing justice who corrects an illegal sentence pursuant to Rule 35(a) may correct the entire initial sentencing package to preserve the originally intended sentencing scheme, so long as the corrected sentence does not exceed the sentence originally imposed." *Goncalves*, 941 A.2d at 848. After confirming that the hearing justice in *Goncalves* "explicitly attempt[ed] to preserve the intent of his original sentencing scheme" and that the new order issued did not exceed the total time the defendant was originally ordered to serve, this Court upheld the hearing justice's reconstruction of the defendant's sentence. *Id.*

Although the re-bundling justice in *Goncalves* also was the original sentencing justice, our holding in that case by no means limits the practice of re-bundling to such a distinct situation. On the contrary, *Goncalves* requires only that a hearing justice who corrects an illegal sentence by modifying a sentencing scheme do so in a manner that preserves *the original sentencing intent* without exceeding the sentence originally imposed. *Goncalves*, 941 A.2d at 848 (emphasis added). Thus, it is the intent of

the original sentencing court that lies at the heart of the re-bundling analysis, and that intent may be permissibly ascertained by another justice of that court should the need arise. Moreover, practical considerations command that we refrain from inflicting such a restriction upon a lower court's re-bundling capabilities under Rule 35. Our courts are consistently confronted with the retirement and untimely passing of members of the judiciary. Eliminating a court's ability to reconstruct a defendant's sentencing package upon the determination of an illegal or illegally-imposed sentence, solely because the original sentencing justice is unavailable, tethers the court's remedial competences unnecessarily. This Court declines to enable the materialization of such a restraint and rejects Bouffard's contention accordingly.

### B

### The Re–Bundling Analysis

■ On appeal, Bouffard criticizes the hearing justice's reconstruction of his sentencing package, arguing (1) that the re-sentencing failed to conform to the magistrate's original sentencing intent and (2) that the new sentence did not "fit" the crime, given the state's dismissal of the underlying charge that formed the basis of his probation violation. We find both of Bouffard's contentions equally unavailing.

A review of the record reveals that the hearing justice appropriately modified the original sentence, despite any dispute about its illegality or illegal imposition. In assessing the magistrate's original sentencing intent, the hearing justice, citing *State v. Christodal*, 946 A.2d 811, 815 (R.I.2008),[14] acknowledged that the magis-

---

14. In *State v. Christodal*, 946 A.2d 811 (R.I. 2008), we recognized that hearing justices possess "wide latitude in deciding whether a probation violator's suspended sentence should be removed in whole, in part, or not at all." *Id.* at 817 (quoting *State v. Tucker*, 747 A.2d 451, 454 (R.I.2000)).

trate may have considered several relevant factors, such as Bouffard's previous contacts with law enforcement, his record of conviction for other offenses, and the number of times that he had appeared before the Superior Court as a violator. The hearing justice emphasized that "the magistrate would have been aware of [Bouffard's] voluminous criminal history," noting that Bouffard's criminal record spanned almost three decades and included multiple convictions, including robbery, possession of a stolen motor vehicle, violation of a protective order, and assaulting a uniformed police officer. The hearing justice also highlighted that seven of these charges shaping Bouffard's criminal history involved breaking and entering—the same type of offense underlying the violation considered by the magistrate in December 2006. Based on the "wide latitude" afforded to the magistrate in sentencing Bouffard as a violator, as well as Bouffard's criminal record and previous contacts with the Superior Court up until the time of sentencing, the hearing justice confirmed that the magistrate's intent was to impose upon Bouffard a sentence of seven years to serve. We are satisfied that the hearing justice re-bundled Bouffard's sentencing scheme to conform with that intent—in accordance with *Gon-*

*calves*—by removing the suspension on a seven-year portion of the nine-year suspended sentence in the 2000 case.[15]

■ Bouffard also challenges whether his modified sentence fit " 'both crime and criminal' " at the time of re-bundling given the state's ultimate dismissal of the underlying breaking-and-entering charge in the 2006 case on April 3, 2007. *See Goncalves,* 941 A.2d at 848. In essence, Bouffard contends that his punishment—the seven years to serve imposed by the hearing justice—no longer fit the crime and should have been reduced. However, it is well settled that "[t]he only issue at a revocation hearing is whether a defendant has breached a condition of his probation by failing to keep the peace or remain on good behavior." *State v. Snell,* 861 A.2d 1029, 1030–31 (R.I.2004) (quoting *State v. Summerour,* 850 A.2d 948, 951 (R.I.2004)). Accordingly, this Court has upheld a hearing justice's finding of a probation violation despite the dismissal of the underlying charge forming the basis of the violation. *See State v. Jackson,* 966 A.2d 1225, 1230 (R.I.2009).[16] In this case, the hearing justice, as part of his re-bundling analysis, expressly considered the state's dismissal of the charges in the 2006 case underlying

**15.** We consider Bouffard's contention—that the hearing justice failed to conform to the original sentencing plan because the magistrate "specifically refused to revoke on the 2000 case"—to be unavailing. On the contrary, the record discloses that the magistrate declined the state's request to revoke the suspended sentence in the 2000 case to ensure Bouffard had time remaining upon release. The magistrate explicitly stated that what he "would rather [the court] have is a hold on [Bouffard] when he gets finished with this sentence. That's why I'm giving him seven years."

**16.** On June 25, 2010, subsequent to the docketing of this appeal, the General Assembly

amended § 12–19–18, governing the termination of imprisonment for defendants serving deferred sentences, to include imprisonment for probation and suspended-sentence violations. Such situations include when "[t]he charge [which was specifically alleged to have constituted the violation] fails to proceed in District or Superior Court under circumstances where the state is indicating a lack of probable cause, or circumstances where the state or its agents believe there is doubt about the culpability of the accused." Section 12–19–18(b)(5), as amended by P.L. 2010, ch. 311, § 1. The applicability of this statute to Bouffard is not at issue.

Bouffard's violation.[17] Despite the dismissal, the hearing justice determined that removing the suspension on seven years in the 2000 case conformed to the magistrate's original sentencing intent. We discern no error in this determination.

Because the hearing justice properly rebundled Bouffard's sentencing scheme, we need not consider whether he appropriately deemed Bouffard's December 2006 sentence as illegal or illegally imposed. However, we emphasize that our holding in *Studman*, 468 A.2d at 920, was not intended for application in a manner that produces the outcome propounded by Bouffard, despite his ability to rally the hearing justice to his cause.

## V

### Conclusion

For the reasons stated in this opinion, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

---

17. Specifically, the hearing justice held that "[h]aving reviewed the entire sentencing package and the [s]tate's filing of a [Super.R.Crim.P.] Rule 48[a] dismissal motion * * *, this Court will exercise its Rule 35 authority to achieve the same result that was originally intended by the hearing magistrate—seven years to serve."