STATE

v.

Peter LeBLANC.

No. 96–97–C.A.

Supreme Court of Rhode Island.

Jan. 2, 1997.

Andrea Mendes, Aaron Weisman, Providence.

Paula Lynch Hardiman, Paula Rosin, Providence.

## ORDER

Executing a search warrant at a house in Pawtucket, the police surprised the defendant, Peter LeBlanc, while he was sitting fully clothed on a toilet and flushing bags of suspicious packets down the hopper. Having caught the defendant in this compromising posture, the arresting officer quickly deduced that the defendant was attempting to dispose of controlled substances (as was later confirmed by testing). Discommoding the defendant, the officer deftly fetched the swirling drug bags from the toilet bowl before they could disappear. The trial justice who heard this evidence was reasonably satisfied that the defendant's actions violated his probation. We agree.[1]

The defendant was on probation from a prior sentencing. His probationary period was scheduled to end on October 9, 2001. However, in sentencing defendant for violating his probation, the trial justice extended defendant's probationary period beyond the original expiration date. This was error. G.L.1956 § 12–19–9; see also State v. Chabot, 682 A.2d 1377, 1379 (R.I.1996) (collecting cases). However, in all other respects we affirm the trial justice's decision.

Relying on the evidence, the trial justice had ample grounds to be "reasonably satisfied," see State v. Hazard, 671 A.2d 1225, 1227 (R.I.1996), that defendant was attempting to dispose of illegal drugs that had been in his possession. We also conclude that defendant's constitutional right to confront witnesses against him was not compromised by the trial justice's limitation of defendant's cross-examination to the scope of the subjects covered on the state's direct examination of its witnesses. Nor do we agree that the delay in holding the violation hearing against defendant breached § 12–19–9. See State v. Lawrence, 658 A.2d 890, 893 (R.I. 1995) (although "§ 12–19–9 * * * mandat[es] that a defendant may be held without bail pending a probation-revocation hearing 'for a period not exceeding ten (10) days[,]' * * * our interpretation of § 12–19–9 must ultimately turn on the nature and extent of a criminal defendant's conduct in contributing to the delay"). It appears from the record that defendant attempted to obtain private counsel to represent him and that, when he was unable to do so, a public defender had to be obtained to serve as his counsel. The defendant's being held without bail in excess of ten days arose from this situation and from the unavailability of defendant's lawyer to begin the hearing.

Finally, the trial justice was under no obligation to inform the defendant of his immunity rights if he chose to testify. See State v. DeLomba, 117 R.I. 673, 679–80, 370 A.2d 1273, 1276 (1977). That was his attorney's job. Accordingly, we reject the defendant's suggestion that this court should impose an obligation on trial justices to inform alleged probation violators of their immunity rights.

For these reasons, we affirm the decision of the trial justice adjudging the defendant to have violated his probation, and deny and dismiss the defendant's appeal on this issue. However, we sustain the defendant's appeal with respect to the trial justice's imposition of an extended sentence of probation and accordingly vacate that portion of the sentence that purported to extend the defen-

1. We heard this matter pursuant to an order directing the parties to appear and show cause why we should not resolve the issues raised in this appeal without further briefing and argu-

ment. After reviewing the parties' submissions and hearing their arguments, we conclude that cause has not been shown and proceed to decide the merits of this appeal at this time.

dant's probation beyond its October 9, 2001 expiration date.